**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| TROY EDWIN NEHLS, | |
| Plaintiff, | |
| v. | Case No. 1:25-cv-2568 |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

**Table of Contents**

TABLE OF AUTHORITIES ........................................................................................... i

INTRODUCTION ..................................................................................................... 1

FACTUAL ALLEGATIONS ..................................................................................... 2

   I.    CURRENT PROCEEDINGS............................................................................ 2

   II.   FACTUAL ALLEGATIONS........................................................................... 3

ARGUMENT .......................................................................................................... 5

   I.    LEGAL STANDARDS .................................................................................. 5

   II.   PLAINTIFF'S FALSE LIGHT CLAIM IS BARRED BY SOVEREIGN
         IMMUNITY . ................................................................................................ 7

   III.  PLAINTIFF FAILS TO STATE CLAIMS FOR INVASION OF PRIVCY AND
         TRESPASS AND THUS FAILS TO ESTABLISH SUBJECT MATTER
         JURISDICTION ......................................................................................... 10

       A.    Plaintiff fails to state a claim for intrusion upon seclusion................................... 11

       B.    Plaintiff fails to plausibly allege a claim for publication of private facts. ............ 15

       C.    Plaintiff fails to state a claim for false light......................................................... 18

       D.    Plaintiff fails to state a claim for trespass. .......................................................... 20

CONCLUSION........................................................................................................ 22

# TABLE OF AUTHORITIES

## Cases

*Alvarado v. Rainbow Inn, Inc.*,
312 F.R.D. 23 (D.D.C. 2015) ........................................................................ 12, 14*

*Armstrong v. Thompson*,
80 A.3d 177 (D.C. 2013) ................................................................................ 15, 16*

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................... passim*

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................... 6

*Brownback v. King*,
592 U.S. 209 (2021) ............................................................................................. 10

*Bramwell v. U.S. Bureau of Prisons*,
348 F.3d 804 (9th Cir. 2003) ................................................................................. 7

*Conejo v. Am. Fed'n of Gov't Emps.*,
377 F. Supp. 3d 16 (D.D.C. 2019) ................................................................ 16, 19

*Danai v. Canal Square Assocs.*,
862 A.2d 395 (D.C. 2004) ............................................................................. 11, 13*

*Democracy Partners v. Project Veritas Action Fund*,
453 F. Supp. 3d 261 (D.D.C. 2020) ............................................................... 21, 22

*Doe v. Bernabei & Wachtel, PLLC*,
116 A.3d 1262 (D.C. 2015) ........................................................................... 15, 17

*Dresbach v. Doubleday & Co.*,
518 F. Supp. 1285 (D.D.C. 1981) ........................................................................ 13

*Edmonds v. United States*,
496 F. Supp. 2d 28 (D.D.C. 2006) ................................................................... 8, 9*

*E.E.O.C. v. St. Francis Xavier Parochial Sch.*,
117 F.3d 621, 624 (D.C. Cir. 1997) ...................................................................... 6

*Elliott v. Healthcare Corp.*,
629 A.2d 6 (D.C. 1993) ........................................................................................ 15

i

*F.D.I.C. v. Meyer,*
   510 U.S. 471 (1994) ................................................................................ 7, 10

*Falconi-Sachs v. LPF Senate Square, LLC,*
   142 A.3d 550 (D.C. 2016) ............................................................................ 21

*Garay v. Liriano,*
   943 F. Supp. 2d 1 (D.D.C. 2013) ............................................................ 15, 21

*Greenpeace, Inc. v. Dow Chem. Co.,*
   97 A.3d 1053 (D.C. 2014) ............................................................................ 21

*Grunseth v. Marriott Corp.,*
   872 F. Supp. 1069 (D.D.C. 1995) ............................................................ 17, 18*

*Gulf Coast Mar. Supply, Inc. v. United States,*
   867 F.3d 123 (D.C. Cir. 2017) ...................................................................... 6

*Harrison v. Washington Post Co.,*
   391 A.2d 781 (D.C. 1978) ............................................................................ 17

*Horton v. Espindola,*
   319 F. Supp. 3d 395 (D.D.C. 2018) ............................................................ 3, 6

*Hosey v. Jacobik,*
   966 F. Supp. 12 (D.D.C. 1997) ...................................................................... 8

*Johnson v. Sawyer,*
   47 F.3d 716 (5th Cir. 1995 ) .......................................................................... 9

*Kitt v. Capital Concerts, Inc.,*
   742 A.2d 856 (D.C. 1999) ...................................................................... 18, 19

*Klugel v. Small,*
   519 F. Supp. 2d 66 (D.D.C. 2007) ................................................................ 8

*Kugel v. United States,*
   947 F.2d 1504 (D.C. Cir. 1991) .................................................................. 8, 9

*Mackinac Tribe v. Jewelll,*
   87 F. Supp. 3d 127 (D.D.C. 2015) ................................................................ 5

*Maynard v. Melton,*
   Case No. 17-02612, 2021 WL 6845008 (D.D.C. Apr. 7, 2021) ............................ 15

*Metz v. United States,*
   788 F.2d 1528 (11th Cir. 1986) ...................................................................... 9

*Mittleman v. United States*,
    104 F.3d 410 (D.C. Cir. 1997) ......................................................................... 9

*Paige v. Drug Enforcement Admin.*,
    665 F.3d 1355 (D.D.C. 2012) .................................................................... 13, 17

*Peter v. United States*,
    579 F. Supp. 2d 78 (D.D.C. 2009) .................................................................... 8

*Robinson v. Farley*,
    264 F. Supp. 3d 154 (D.D.C. 2017) ............................................................... 20

*Smith v. United States*,
    518 F. Supp. 2d 139 (D.D.C. 2007) ............................................................ 5, 6

*Steincuch v. Cutler*,
    463 F. Supp. 2d 1 (D.D.C. 2006) .................................................................. 19

*Townsend v. United States*,
    236 F. Supp. 3d 280 (D.D.C. 2017) ............................................................... 13

*Truman v. United States*,
    26 F.3d 592 (5th Cir. 1994) ............................................................................ 8

*Turpin v. Ray*,
    613 F. Supp. 3d 186 (D.D.C. 2020) ....................................................... 20, 21*

*United States v. Miller*,
    425 U.S. 435 (1987) ....................................................................................... 13

*Weyrich v. New Republic, Inc.*,
    235 F.3d 617 (D.D.C. 2001) .......................................................................... 20

*Wolf v. Regardie*,
    553 A.2d 1213 (D.C. 1989) ................................................................... passim*

*Zimmerman v. Al Jazeera America, LLC*,
    246 F. Supp. 3d 257 (D.D.C. 2017) ............................................................... 20

## **Statutes**

28 U.S.C. § 1346(b) ............................................................................. passim

28 U.S.C. § 2680(h) ............................................................................. 7, 8, 9

**<u>Rules</u>**

Fed. R. Civ. P. 8(a)(2) ........................................................................................................... 6

Fed. R. Civ. P. 12(b)(1) ................................................................................................. passim

Fed. R. Civ. P. 12(b)(6) ................................................................................................. passim

The United States of America moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION

The claims in this case arise out of allegations that a U.S. Capitol Police ("USCP") officer, while on patrol of the U.S. Capitol Building, entered Congressman Troy Nehls' office and photographed a whiteboard that was displayed in the office, and which contained the Congressman's notes on legislation that he intended to present to Congress. *See generally* ECF No. 18 ¶¶ 9-13. Plaintiff asserts claims for invasion of privacy and trespass pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2761, *et. seq.* Specifically, as to the invasion of privacy claims, Plaintiff asserts claims for intrusion upon seclusion, the publication of private facts, and publicity that places one in a false light. The Court should dismiss Plaintiff's claims for lack of jurisdiction and failure to state a claim.

First, Plaintiff's claim for false light invasion of privacy must be dismissed because the Court lacks subject matter jurisdiction over the claim.

Second, Plaintiff has not stated a claim for intrusion upon seclusion because he fails to plausibly allege that there was an intrusion into a place where Plaintiff secluded himself, or that any alleged intrusion would be highly offensive to a reasonable person.

Third, Plaintiff fails to state a claim for the publication of private facts because he does not plausibly allege that private facts were disclosed or that any disclosure would be highly offensive.

Fourth, Plaintiff fails to state a claim for false light because he does not adequately allege that publicity of false information occurred, or that any such publicity would be highly offensive to a reasonable person.

Fifth, Plaintiff fails to state a claim for trespass because he fails to plausibly allege that he retained an exclusive possessory right to the congressional office he was assigned.

Accordingly, Plaintiff's claims must be dismissed.

## FACTUAL BACKGROUND

### I.    CURRENT PROCEEDINGS

On April 10, 2025, Plaintiff, a Congressman, filed the instant action asserting claims for invasion of privacy and trespass pursuant to the FTCA, and various constitutional claims.[1]  *See* ECF No. 1 ¶¶ 25-35.  On June 20, 2025, the United States filed a motion to dismiss the Complaint in its entirety because Plaintiff failed to plausibly allege invasion of privacy or trespass claims under the FTCA—and thus the United States did not waive its sovereign immunity with regard to those claims—and Plaintiff's constitutional claims failed as a matter of law because the United States has not waived sovereign immunity for constitutional torts.  *See* ECF No. 14.

In response to the motion to dismiss, on July 11, 2025, Plaintiff filed an Amended Complaint that included several new and modified allegations as well as a new invasion of privacy claim—publicity causing Plaintiff to be placed in a false light.  *See generally* ECF No. 18.  Plaintiff conceded that the United States has not waived sovereign immunity for constitutional torts and thus does not include constitutional claims in the Amended Complaint. *See* ECF No. 17 at 8.  Plaintiff alleges that, because of the alleged invasions of privacy and trespass, he suffered mental and emotional distress, humiliation, and anxiety; his reputation was

---

[1] With respect to the invasion of privacy claims, Plaintiff asserted claims for intrusion upon seclusion and the publication of private facts.

damaged; and his ability to perform his job was impaired.  ECF No. 18 ¶¶ 27, 29, 30, 32.

Plaintiff seeks $2.5 million in monetary damages.

## II.    FACTUAL ALLEGATIONS[2]

The USCP is a federal law enforcement agency responsible for policing the United States

Capitol Buildings and surrounding areas, including buildings adjacent to the Capitol Building.

ECF No. 18 ¶ 6.  Officers and agents of the USCP are authorized to make arrests within the

Capitol Buildings and on the surrounding grounds for violations of any laws of the United States

or the District of Columbia.  *Id.*  As part of their policing duties, ███████████████████

█████████████████████████████████████████████████████████."[3]

Exh. A at 14.  Additionally, pursuant to the USCP's standard operating procedures at the time,

██████████████████████████████████████████████████

██████████████████████████████████████  *Id.* at 13.

██████████████████████████████████████

---

[2]  For purposes of this motion, Defendant relies on the well-pleaded facts alleged in the Amended Complaint, which are assumed to be true solely for the purposes of the motion to dismiss, and materials incorporated into the Complaint by reference or of which judicial notice may be taken.

[3]  The Complaint expressly cites to—and derives numerous allegations from—a May 12, 2022 report issued by the USCP Office of Inspector General, Investigative Number: 2022-I-0005 ("OIG Report") (Exhibit A).  *Compare* ECF No. 18 *with* OIG Report at 2-10; *see also* ECF 18 ¶ 19 (explicitly referencing the OIG Report).  Because the Complaint necessarily relies on the OIG Report, it is incorporated by reference, and the Court may consider it in resolving the motion to dismiss.  *See infra*, Argument, § I; *see also Horton v. Espindola*, 319 F. Supp. 3d 395, 400 (D.D.C. 2018) ("Not all outside-the-pleadings evidence [] requires conversion of a motion to dismiss.  Under the incorporation-by-reference doctrine, a defendant can submit—and the court can consider—a document that is not attached by the plaintiff, but is referred to in the complaint and integral to the plaintiff's claim.") (internal quotation omitted)).  The OIG Report is attached in full but filed under seal in light of Plaintiff's allegations that the writings at issue in this case are private, and the report contains sensitive law enforcement information.

████████████████████████████████████████████████

████████████████████████████████  *Id*. at 16.  ████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████  *Id*.

Plaintiff is a sitting Congressman who represents the people of the 22nd Election District in the State of Texas.  ECF No. 18 ¶ 3.  As a Congressman, Plaintiff was provided with an office in the Longworth House Office Building in Washington D.C., which is located adjacent to the United States Capitol.  *Id*. ¶ 7.  The office was used by the Congressman and several members of his staff.  *See id.* ¶¶ 9, 17.  Additionally, janitorial staff routinely entered the office at night while the Congressman and his staff were not present.  *See id.* ¶ 14(b).  In the office, Plaintiff displayed a whiteboard that contained notes on legislation that Plaintiff intended to present to Congress.  *Id*. ¶ 7, 10, 25.

On Saturday, November 20, 2021, Officer Dias, a member of the USCP, entered Plaintiff's congressional office.  *Id*. ¶¶ 11, 13.  While in the office, Officer Dias photographed the whiteboard containing Plaintiff's notes.  *Id*. ¶¶ 11, 13.  After leaving the office, Officer Dias completed a report, reflecting that he found Plaintiff's office door wide open and no one was inside.  *Id*. ¶ 13.  He then announced his presence, entered the office, and checked the area.  *Id*.  The report further stated that Officer Dias photographed the visibly displayed whiteboard because he believed it contained suspicious writings mentioning body armor and a map of the Rayburn building.  *Id*.[4]

_____

[4] Although ultimately not material to the defenses raised in this motion, Plaintiff surmises—but offers no well-pleaded allegations in support—that the entry into his office was an

On November 20, 2021, Officer Dias forwarded the photograph and report to officers in the Threat Assessment Center who determined the material looked like an "Intell" thing.  *Id*. ¶ 16.  As a result, three officers from the Intelligence Unit were sent to Plaintiff's office to inquire about the photograph.  *Id*. ¶ 17.  A legislative aide answered the door and explained that the notes on the whiteboard reflected the Congressman's work on legislation and that an "X" reflected where an ice machine was located.  *Id*. ¶ 18.  Following the discussion with Plaintiff's legislative aide, one of the officers reported to his leadership that nothing suspicious had occurred and no further investigation was warranted.  *Id*. ¶ 19.  Despite this, Plaintiff now alleges that a criminal investigation was initiated on November 21, 2021, "which caused publicity that placed [him] in a false light."  *Id*. ¶ 31.

On Tuesday, November 23, 2021, the report, with the attached photograph, was entered into the USCP's record management system.  *Id*. ¶ 20.  Plaintiff contends that the entry of this report into the USCP's internal record system constitutes a publication of private facts.  *Id*. ¶ 28.

## ARGUMENT

### I.    LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(1) is a threshold challenge to the Court's subject matter jurisdiction. *Smith v. United States*, 518 F. Supp. 2d 139, 145 (D.D.C. 2007).  The plaintiff bears the burden to establish the court's jurisdiction over the complaint.  *Mackinac Tribe v. Jewell*, 87 F. Supp. 3d 127, 136 (D.D.C. 2015).  Rule 12(b)(1) motions fall into two categories: facial challenges and factual challenges.  *Smith*, 518 F. Supp. 2d at 145.  The standard applicable to a Rule 12(b)(1) motion that raises a facial challenge is similar to the Rule 12(b)(6)

---

act of retaliation against him for vocal criticisms he lodged against the agency.  *See id*. ¶¶ 8, 20, 23,

standard, in that the court must accept as true the plaintiff's well-pleaded allegations, but also must "disregard any legal conclusions, legal contentions couched as factual allegations, and unsupported factual allegations within the complaint." *Gulf Coast Mar. Supply, Inc. v. United States*, 867 F.3d 123, 128 (D.C. Cir. 2017) (per curiam).

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint satisfies the plausibility standard when the "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* Although "Rule 8 [of the Federal Rules of Civil Procedure] marks a notable and generous departure from the hyper technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

In evaluating the sufficiency of the complaint, the Court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also Horton*, 319 F. Supp. 3d at 400 ("Not all outside-the-pleadings evidence [] requires conversion of a motion to dismiss. Under the incorporation-by-reference doctrine, a defendant can submit—and the court can consider—a

document that is not attached by the plaintiff, but is referred to in the complaint and integral to the plaintiff's claim.").

## II.    PLAINTIFF'S FALSE LIGHT CLAIM IS BARRED BY SOVEREIGN IMMUNITY

"Invasion of privacy is not one tort, but a complex of four, each with distinct elements and each describing a separate interest capable of being invaded." *Wolf v. Regardie*, 553 A.2d 1213, 1216-17 (D.C. 1989). Under District of Columbia law, the four categories of invasion of privacy claims are: (1) intrusion upon seclusion; (2) public disclosure of private facts; (3) publicity that places one in a false light in the public eye; and (4) appropriating one's name and likeness for another's benefit. *See Wolf*, 553 A.2d at 1216-17. As noted, Plaintiff brings invasion of privacy claims for categories (1)-(3). His false light invasion of privacy claim, however, must be dismissed because it is barred by sovereign immunity.

Absent an express and unequivocal waiver, sovereign immunity shields the United States from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature," and the terms of the United States' consent to be sued define the Court's jurisdiction to entertain the suit. *Id.* Here, Plaintiff brings his false light invasion of privacy claim pursuant to the FTCA, which provides a limited waiver of sovereign immunity for certain tort claims "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The waiver, however, is subject to certain exceptions set forth in 28 U.S.C. § 2680. *See, e.g.*, *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003) (noting the FTCA's waiver of sovereign immunity is subject to thirteen exceptions under 28 U.S.C. § 2680(a)-(n)).

One such exception is for certain enumerated torts. *See* 28 U.S.C. § 2680(h). Section 2680(h) provides that the FTCA does not waive sovereign immunity for claims arising out of

"assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights."  28 U.S.C. § 2680(h). And, though the statute does not expressly mention defamation, it is simply a broader term for slander and libel.  *See Hosey v. Jacobik*, 966 F. Supp. 12, 15 n.2 (D.D.C. 1997).  Moreover, the United States is immune not just for the claims enumerated in 28 U.S.C. § 2680(h), but also for any claim arising out of these claims.  *See Klugel v. Small*, 519 F. Supp. 2d 66, 75 (D.D.C. 2007).  "To determine whether a non-enumerated claim arises out of an enumerated claim, the court must examine the actual conduct upon which the claims are based."  *Id*. (citing *Kugel v. United States*, 947 F.2d 1504, 1507 (D.C. Cir. 1991).  If the conduct upon which a claim is based constitutes one of the torts listed in section 2680(h), federal courts have no jurisdiction to hear the claim.  That is, even if a plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the claim is still barred when the underlying governmental conduct arises out of conduct for which the United States is immunized.  *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994); *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) ("the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states") (internal quotations omitted)).

Using this framework, courts have consistently found that claims for false light invasion of privacy arise out of the libel and slander exceptions and are thus barred by section 2680(h). *See*, *e.g*., *Edmonds*, 436 F. Supp. 2d at 35 ("Courts have consistently held that claims for false light invasion of privacy are barred by the libel and slander exception."); *Peter v. United States*, 579 F. Supp. 2d 78, 83 (D.D.C. 2009) ("plaintiff's claim of negligent false light invasion of privacy is similarly precluded, since '[c]ourts consistently have held that claims for false light invasion of privacy are barred by the libel and slander exception") (quoting *Edmonds*, 436 F.

Supp. 2d at 35)); *see also Johnson v. Sawyer*, 47 F.3d 716, 732 n.34 (5th Cir. 1995) ("false light invasion of privacy essentially amounts to libel, slander, or misrepresentation."); *Metz v. United States*, 788 F.2d 1528, 1535 (11th Cir. 1986) (finding plaintiff's false light privacy claim arose out of slander for the purposes of section 2680(h) and thus were not actionable under the FTCA).

Here, Plaintiff's false light invasion of privacy claim is barred by the libel and slander exception in section 2680(h) because it is premised on Plaintiff's allegation that the USCP disclosed false information to the public. *See Kugel*, 947 F.2d at 1507 (concluding that claims based on dissemination of defamatory information were barred by section 2680(h)). Specifically, Plaintiff alleges that the USCP initiated an unwarranted criminal investigation after finding his notes on the whiteboard and that news of the criminal investigation was disclosed to the public causing him to be falsely depicted as a criminal suspect. *See* ECF No. 18 ¶ 31. Due to the alleged disclosure, Plaintiff maintains that his reputation was injured and that he experienced severe anxiety, humiliation, and emotional stress. *Id*. ¶ 32. At bottom, these allegations amount to a claim that defamatory information was disseminated—which is barred by the libel and slander exception. *See Edmonds*, 436 F. Supp. 2d at 35 ("Claims no matter how they are described by a plaintiff, based on the dissemination of defamatory information pertaining to a federal investigation are barred by the libel/slander exception."); *Mittleman v. United States*, 104 F.3d 410, 415 (D.C. Cir. 1997) ("[T]he sine qua non of a false light claim is giving publicity to a matter which places the plaintiff before the public in a false light . . . Libel and slander similarly involve publication of false statements about another.") (internal citations omitted)).

Accordingly, Plaintiff's false light invasion of privacy claim must be dismissed for lack of subject matter jurisdiction.

### III.    PLAINTIFF FAILS TO STATE CLAIMS FOR INVASION OF PRIVCY AND TRESPASS AND THUS FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION

This action must be dismissed in its entirety for failure to state a claim under Rule 12(b)(6) and for lack of subject matter jurisdiction because Plaintiff fails to state a viable claim under the FTCA.  Section 1346(b) of Title 28 contains the following six requirements—all of which must be satisfied in order for an action to qualify within the FTCA's jurisdictional grant: the claim must be "'[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"  *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b) (bracketed numerals added by the Court)).  Thus, a failure to plausibly allege any of these six elements constitutes not only a failure to state a claim, but also a lack of subject matter jurisdiction over the claim.  *See Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting *Meyer*, 510 U.S. at 477).

Here, Plaintiff fails to plausibly allege the sixth element—*i.e.*, that the United States, if a private person, would be liable for invasion of privacy or trespass under the law of the District of Columbia—the place where the acts and omissions forming the basis of Plaintiff's claims allegedly occurred.  *See* 28 U.S.C. § 1346(b).  Accordingly, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6).

### A. Plaintiff fails to state a claim for intrusion upon seclusion.

"The tort of intrusion upon seclusion has three elements: (1) an invasion or interference by physical intrusion, by use of a defendant's sense of sight or hearing, or by use of some other form of investigation or examination; (2) into a place where the plaintiff has secluded himself, or into his private or secret concerns; (3) that would be highly offensive to an ordinary, reasonable person." *Wolf*. 553 A.2d at 1217 (citations and internal quotations omitted).

Plaintiff's intrusion upon seclusion claim must be dismissed because he does not plausibly allege the second and third elements of the claim—an intrusion into a place where Plaintiff secluded himself or into his private concerns; or that the alleged intrusion would be highly offensive to a reasonable person.

### 1. Plaintiff fails to plausibly allege an intrusion into a place where Plaintiff secluded himself or into his private concerns.

To adequately plead the second element of an intrusion claim, Plaintiff must establish an "invasion or physical intrusion was into a place where [Plaintiff] secluded [himself], or into [his] private or secret concerns." *Danai v. Canal Square Assocs.*, 862 A.2d 395, 400 (D.C. 2004) (internal quotations omitted)). Plaintiff fails to make the requisite showing of seclusion.

In Count I, Plaintiff sets forth two affirmative acts that he alleges constitute an intrusion into his seclusion. First, he alleges that Officer Dias intruded upon his seclusion by entering Plaintiff's "private office" without authorization. ECF No. 18 ¶ 25. But this allegation cannot suffice for an intrusion claim because it is entirely conclusory, and the Amended Complaint is otherwise devoid of factual allegations establishing that Plaintiff reasonably considered his congressional office to be private, *i.e.* a place of seclusion. *See Iqbal*, 556 U.S. at 678. To the contrary, the Amended Complaint is replete with allegations establishing that the congressional office was frequented by individuals other than Plaintiff. For instance, the Amended Complaint

provides that a cleaning crew routinely entered the office each night; Plaintiff's staff had

unfettered access to the office; Plaintiff was aware of individuals accessing the office even when

he was not present; and USCP ███████████████████████████████████. *See*

ECF No. 18 ¶¶ 14(b), 17-18; Exh. A. at 13.  "Ostensibly, many people pass[ed] through [the

office] each day, including," likely, members of the public there to meet with the congressman.

*Alvarado v. Rainbow Inn*, *Inc*., 312 F.R.D. 23, 32 (D.D.C. 2015).  As such, Plaintiff's office is

not "a private zone of seclusion which society considers sacrosanct and insulated from the

peering eyes and cocked ears of insensitive citizens."  *Wolf*, 553 A.2d at 1220.

 Moreover, entry into a congressional office, that is frequented by others, is distinct from

the types of intrusions that are normally actionable as an intrusion upon seclusion claim.  *See,*

*e.g*., *id*. at 1218.  Examples of actionable intrusions include peeping through windows or into

some other locations in which a plaintiff has chosen to seclude himself; opening personal mail;

eavesdropping on private conversations; entering a plaintiff's home without permission or

searching his or her belongings; examining a plaintiff's private bank account; or other invasions

of that nature.  *Id*.  Such examples demonstrate an individual's clear intent to seclude oneself or

belongings.  In contrast, here, Plaintiff shared his office with staff members, and he was keenly

aware of people entering and/or using the office when he was not present.  *See, e.g*., ECF No. 18

¶ 14(b).  Given these allegations, one cannot reasonably conclude that Plaintiff "secluded"

himself in the congressional office.

 Plaintiff next alleges that Officer Dias intruded upon his seclusion by photographing his

private notes.  ECF No. 18 ¶ 25.  But this allegation similarly fails to establish a seclusion

because Plaintiff could not have had a reasonable expectation of privacy for writings contained

not only in a well-traversed office but on a whiteboard visibly and prominently displayed in an

area frequented by other people, including those who were not members of the Congressman's

staff. *See, e.g., id.* ¶ 14(b); *see also Danai*, 862 A.2d at 401 (noting that a plaintiff had "no

legitimate expectation of privacy in the invaded place"); *Townsend v. United States*, 236 F. Supp.

3d 280, 323-24 (D.D.C. 2017) (providing that, while employees may have a reasonable

expectation of privacy, that "expectation typically evaporates when information 'is revealed to a

third party, even if the information is revealed on the assumption that it will be used only for a

limited purpose and the confidence in the third party will not be betrayed.'") (quoting *United*

*States v. Miller*, 425 U.S. 435, 443 (1987)).

    Further, Plaintiff fails to plausibly allege the notes contained his "private or secret

concerns." *Danai*, 862 A.2d at 401.  While the Amended Complaint does include allegations

that the notes were "private" and held "confidential thoughts . . . about legislation," these

allegations are wholly conclusory and are not supported by any factual detail. *See Iqbal*, 556

U.S. at 678.  Rather, the remaining factual allegations establish that the notes could not have

been considered private because they did not pertain to Plaintiff's private life. *See Dresbach v.*

*Doubleday & Co.* 518 F. Supp. 1285, 1287 (D.D.C. 1981) (noting the tort of invasion of privacy

was based on the right to be left alone, free from the publication of matters concerning one's

private life, habits, acts, and relations); *Paige v. Drug Enforcement Admin.*, 665 F.3d 1355,

1362-63 (D.D.C. 2012) (listing examples of private facts, including "most details of a man's life

in his home") (quoting Restatement § 652D cmt. b)).  And, Plaintiff readily admitted to openly

discussing the notes with members of his staff and that he intended to present the legislation to

Congress. *See* ECF No. 18 ¶ 10, 25.  Accordingly, one simply cannot reasonably categorize

Officer Dias' actions as an intrusion on Plaintiff's private or secret concerns. *See Wolf*, 553 A.2d

at 1218 (stating that "where the defendant did not actually delve into a plaintiff's private concerns, or where the . . . activities were already known or public, there can be no liability.").

Because Plaintiff fails to plausibly allege that his office was a place of seclusion or that his notes visibly displayed on a whiteboard contained his "private or secret concerns," Plaintiff fails to state a claim for intrusion upon seclusion.

### 2. Plaintiff fails to plausibly allege Officer Dias' entry into a congressional office would be highly offensive to an ordinary, reasonable person.

The claim also fails because Plaintiff does not plausibly allege that the intrusion would be highly offensive to an ordinary person. *See Wolf*, 553 A.2d at 1219 ("[T]he third requisite for establishment of liability is that the interference with the plaintiff's seclusion must be substantial and highly offensive to the ordinary, reasonable person.").

Here, considering all of the allegations in the Amended Complaint, one cannot reasonably infer that Officer Dias' actions in entering the office or photographing the whiteboard would highly offend an ordinary, reasonable person. First, it is apparent that Plaintiff did not have a reasonable expectation of privacy in his congressional office. Staff members, cleaning crews, and likely members of the public routinely entered Plaintiff's office, and he was aware of the entries. *See* ECF No. 18 ¶¶ 14(b), 17-18; *see also Alvarado*, 312 F.R.D. at 32-33 (finding intrusion into a non-private location cannot realistically offend anyone's privacy concerns).

Second, patrolling ████████████████████████ is part of the standard responsibilities of a USCP officer, and it was in accordance with USCP policy ██████████ ████████████████████████████████████████████████████████ ██████████ *See* ECF No. 18 ¶ 13; *see also* Exh. A. at 13. Thus, this case is distinguishable from cases where warrantless entries resulted in a finding of offensiveness. *Cf. Garay v. Liriano*,

943 F. Supp. 2d 1, 24-25 (D.D.C. 2013) (finding a warrantless entry into a plaintiff's apartment, where she had secluded herself, to be offensive when exigent circumstances were not present).

And, finally, because Plaintiff's notes did not concern matters of a "personal nature," and, instead, only addressed legislation to be presented to Congress, it is a far fetch to say that a reasonable person would be offended if the information was in fact intruded upon.

Accordingly, because Plaintiff fails to plausibly allege that Officer Dias' entry into the office or photographing of the whiteboard would be highly offensive to an ordinary, reasonable person, the claim must be dismissed.

### B. Plaintiff fails to plausibly allege a claim for publication of private facts.

Plaintiff's invasion of privacy claim, based on the publication of private facts, also must be dismissed. In the District of Columbia, a plaintiff must set forth five elements for an invasion of privacy claim based on the publication of private facts: "(1) publicity, (2) absent any waiver or privilege, (3) given to private facts, (4) in which the public has no legitimate concern, (5) and which would be highly offensive to a reasonable person of ordinary sensibilities." *Doe v. Bernabei & Wachtel, PLLC*, 116 A.3d 1262, 1267 (D.C. 2015) (citing *Wolf*, 553 A.2d at 1220). Plaintiff fails to allege sufficient facts to establish that the publicity of private facts occurred or that any alleged publication would be highly offensive to a reasonable person.

#### 1. Plaintiff fails to plausibly allege the publicity of private facts.

The publicity element requires a communication of private facts "which reach[], or is sure to reach the public." *Elliott v. Healthcare Corp.*, 629 A.2d 6, 9 (D.C. 1993); *see also Armstrong v. Thompson*, 80 A.3d 177, 189-90 (D.C. 2013) (stating that a matter is publicized if it is "communicated to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge."). Generally, disseminating information to a "single person or even to a small group of persons" does not satisfy the publicity

requirement. *Maynard v. Melton*, Case No. 17-02612, 2021 WL 6845008, at *7 (D.D.C. Apr. 7, 2021) (internal quotations omitted); *see also Conejo v. Am. Fed'n of Gov't Emps.*, 377 F. Supp. 3d 16, 33 (D.D.C. 2019) (noting that "substantial certainty [that a matter will become public knowledge] requires a 'broader dissemination than a mailing of a handful of employees at a single agency.'") (quoting *Armstrong*, 80 A.3d at 189)).  Thus, to sufficiently allege publicity, Plaintiff must allege that private facts were distributed to the public at large or, at a minimum, to so many people that one can infer the information will become public.  Plaintiff comes nowhere close to meeting this requirement.[5]

On this point, Plaintiff alleges that "the substance of the Congressman's notes were disseminated to many officers," ECF No. 18 ¶ 29, and that "it was expected that the Congressman's notes . . . would become known to the public." *Id*. ¶ 20.  But these allegations are entirely conclusory, and they are belied by the well-pleaded factual allegations within the Amended Complaint.  In fact, the well-pleaded allegations establish only that a handful of agents/officers had knowledge of the photograph or report, and there is no indication that members of the public were aware or would become aware of the notes.  *See, e.g.,* ECF No. 18 ¶¶ 16-17, 19-20.  Accordingly, the Amended Complaint's factual allegations are insufficient to directly establish publicity or to support an inference that it was substantially certain the information would eventually become public.  *See Armstrong*, 80 A.3d at 189 (noting that substantial certainty requires broader dissemination than to a handful of employees at a single agency).

---

[5] To the extent Plaintiff attempts to rely on constitutional provisions to support Count II, the claim fails as a matter of law. *See Meyer*, 510 U.S. at 477-78.

Additionally, even if publicity were sufficiently alleged, Plaintiff fails to plausibly allege that "private facts" were divulged.  *See Doe*, 116 A.3d at 1266-67 (noting that the tort is rooted in giving publicity to a person's private life).  As noted above, *see supra* Argument, § II.A.1, Plaintiff's Amended Complaint makes clear just the opposite.  Namely, that Plaintiff prominently displayed the legislative notes on a whiteboard in an office that was frequented by staff members and janitorial staff, s*ee, e.g.*, ECF No. 18 ¶ 14(b) ("It was the practice and habit of the cleaning crew to enter the private congressional offices with a key . . . ."), and which █████████████████

███████████████████████.  *See, e.g.*, Exh. A at 13 ███████████

██████████████████████.  Given this public display, Plaintiff cannot reasonably assert that the whiteboard contained "private facts" meant only for himself because there is no privacy interest in "preventing the further publicity of what Plaintiffs themselves left open to the public eye." *Harrison v. Washington Post Co.*, 391 A.2d 781, 784 (D.C. 1978).

Nor can one infer that the notes relate to Plaintiff's private life.  *See Grunseth v. Marriott Corp.*, 872 F. Supp. 1069, 1075-76 (D.D.C. 1995) (finding a disclosure must include "private facts about the plaintiff."); *Paige*, 665 F.3d at 1362-63 (noting the Restatement lists "sexual relations, family quarrels, many unpleasant or disgraceful or humiliating illnesses, most intimate personal letters, and most details of man's life at home" as examples of private facts) (quoting Restatement § 652D cmt.b)).  The Amended Complaint makes clear that the notes did not relate to Plaintiff's home or personal matters but, instead, pertained to legislation that Plaintiff intended to present to Congress.  *See* ECF No. 18 ¶¶ 10, 25. Thus the information at issue in this case is not the type generally encompassed by a publicity claim.  Accordingly, Plaintiff has failed to plausibly allege that the publicity of private facts occurred.

**2. Plaintiff fails to plausibly allege any publicity was highly offensive.**

Neither can Plaintiff plausibly allege that publicity of the photograph or report would be highly offensive to a reasonable person. This is because the alleged "private facts" (legislative notes) contained in the photograph and the report in no way related to Plaintiff's private life and thus one cannot reasonably infer that publicity of the facts would cause embarrassment or humiliation. *See Grunseth*, 872 F. Supp. at 1075-76 (finding disclosure of hotel receipts was not highly offensive because the receipts did not contain private facts about the plaintiff). Additionally, Plaintiff's own display of the information in an office frequented by others undercuts any claim that publication of the information would be highly offensive to a reasonable person. *See supra* Argument, § II.A.1.

For these reasons, Plaintiff has failed to state a claim for invasion of privacy based on the alleged publication of private facts and therefore the claim must be dismissed.

**C. Plaintiff fails to state a claim for false light.**

With respect to his false light invasion of privacy claim, Plaintiff generally alleges that the USCP caused him to be placed in false light by disseminating information about an investigation causing him to be depicted as a criminal suspect. Plaintiff's claim fails because he does not make the requisite showing of publicity or that any alleged publication would be offensive to a reasonable person.

To succeed on a claim of false light invasion of privacy, a plaintiff must show: (1) publicity; (2) about a false statement, representation, or imputation; (3) understood to be of and concerning the plaintiff; and (4) which places the plaintiff in a false light that would be offensive to a reasonable person. *Kitt v. Capital Concerts, Inc.*, 742 A.2d 856, 859 (D.C. 1999). A false light claim is adequately established if it is apparent that plaintiff "is given

unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position." Restatement (Second) of Torts § 652 cmt. B (2016).

The "publicity" element for all invasion of privacy claims is the same and requires that "the matter is made public by having been communicated to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Steinbuch v. Cutler*, 463 F. Supp. 2d 1, 3 (D.D.C. 2006) (citing Restatement § 652D cmt.b). Substantial certainty requires "much broader dissemination than a mailing of a handful of letters to a handful of employees at a single agency." *Conejo*, 377 F. Supp. 3d at 33 (internal quotations omitted). Here, Plaintiff, again, fails to make the requisite showing for publicity. As with his publication of private facts claim, the well-pleaded facts do not allow one to reasonably infer that news of an alleged investigation was disseminated to the public or that any dissemination was so substantial that disclosure to the public was inevitable. *See generally* ECF No. 18. Although Plaintiff vaguely alleges that "many officers knew about Officer Dias' entry and photographing of the Congressman's notes [and] that it was matter being investigated criminally," this allegation is not supported by the remainder of allegations set forth in the Amended Complaint. Rather, the well-pleaded allegations establish only that a handful of officers/agents were aware of the report or the photograph depicting Plaintiff's notes and there is no indication the USCP intended to disseminate that information outside of the agency. *See id*. ¶¶ 16-17, 19-20. Moreover, one cannot reasonably infer that further dissemination would occur given that USCP officers followed up on the report and found that "nothing suspicious had occurred and that no further investigation was warranted." ECF No. 18 ¶ 19.

Furthermore, even if the USCP had disclosed information related to the entry into Plaintiff's office, the allegations in the Amended Complaint fail to demonstrate that a reasonable person would find that Plaintiff was placed in a "highly offensive false light." *Weyrich v. New Republic*, Inc., 235 F.3d 617, 628 (D.D.C. 2001); *see also Zimmerman v. Al Jazeera America*, *LLC*, 246 F. Supp. 3d 257, 275 (D.D.C. 2017) (noting that to be highly offensive a plaintiff must establish "unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position."). This is especially true given that there is no indication that the USCP categorized its actions as a criminal investigation; USCP officers expressly noted that no further investigation was warranted after initially following up on Officer Dias' report; Plaintiff was never arrested or even questioned about the notes; and any publicity was limited to a handful of officers within the agency.

Accordingly, Plaintiff's false light invasion of privacy claim warrants dismissal.

**D. Plaintiff fails to state a claim for trespass.**

Under District of Columbia law, "the tort of trespass consists of 'the intentional intrusion of a person or thing upon property that invades and disrupts the owner's exclusive possession of that property.'" *Turpin v. Ray*, 613 F. Supp. 3d 186, 215 (D.D.C. 2020) (quoting *Robinson v. Farley*, 264 F. Supp. 3d 154, 163 (D.D.C. 2017). A plaintiff must plead three elements for a trespass claim: (1) an unauthorized entry (2) onto the plaintiff's property (3) that interferes with the plaintiff's possessory interest. *Id.* Here, Plaintiff's trespass claim fails because he does not adequately plead a possessory right to the property.

Plaintiff fails to adequately plead a requisite possessory interest in the congressional office. In general, a "possessory interest is defined as the present right to control property,

including the right to exclude others, by a person who is not necessarily the owner."
*Greenpeace, Inc. v. Dow Chem. Co*., 97 A.3d 1053, 1060 (D.C. 2014) (internal quotations
omitted).  Mere permission to occupy or use the property does not create a possessory interest,
"the operative question is an individual's ability to control and exclude others using the
property." *Turpin*, 613 F. Supp. 3d at 216.  Further, the possessory interest must be "*exclusive*."
*Id.* (emphasis added); *see also Garay*, 943 F. Supp. 2d at 25 (noting a trespass must invade the
owner's exclusive possession of the property) (internal citation omitted).  Nowhere in the
Amended Complaint does Plaintiff allege that he had *exclusive* control over who entered the
office, and the well-pleaded facts in the Complaint establish that other individuals used or
entered the office in his absence.  *See* ECF No. 18 ¶¶ 9, 14(b), 18.

Indeed, USCP policy provides even further evidence of Plaintiff's lack of an exclusive
possessory interest in the congressional office.  The USCP are responsible for ensuring the
protection of congressional property and, ██████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████  Exh. A. at 13.  ██████████████████████████████████████████████████████
████████████████████████████████████████████████████.  Such a policy
demonstrates that Plaintiff did not have exclusive control because the USCP also maintained an
interest in the office to ensure the protection of congressional property/persons.

Thus, one cannot reasonably conclude that Plaintiff, alone, retained a possessory interest
in the property.  *See Falconi-Sachs v. LPF Senate Square, LLC*, 142 A.3d 550, 554 (D.C. 2016)
(stating that factual allegations must be "enough to raise a right to relief above the speculative
level.") (internal quotations omitted)); *Democracy Partners v. Project Veritas Action Fund*, 453

F. Supp. 3d 261, 277 (D.D.C. 2020) (finding plaintiffs failed to establish a trespass where they could not prove an exclusive possessory interest to a suite).

For these reasons, Plaintiff fails to plead a claim for trespass under District of Columbia law, and the claim must be dismissed.

## CONCLUSION

WHEREFORE, the United States respectfully requests that this Court grant this motion and dismiss this action for lack of subject matter jurisdiction and failure to state a claim.

Dated: September 15, 2025                    Respectfully submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General
                                             Civil Division

                                             KIRSTEN L. WILKERSON
                                             Director, Torts Branch
                                             Civil Division

                                             DEBRA R. COLETTI
                                             Acting Deputy Director, Torts Branch
                                             Civil Division


                                             */s/Kristin McGrory*
                                             PHIL MACWILLIAMS
                                             Senior Trial Counsel, Torts Branch
                                             Civil Division (attorney-in-charge)
                                             DC Bar No. 482883
                                             KRISTIN MCGRORY
                                             Trial Attorney, Torts Branch
                                             MD Bar. 0512140251
                                             United States Department of Justice
                                             Civil Division
                                             Benjamin Franklin Station, P.O. Box 888
                                             Washington, D.C. 20044
                                             Telephone: (202) 616-4206
                                             Email: kristin.b.mcgrory@usdoj.gov
                                             Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I served the foregoing on counsel for Plaintiffs via the CM/ECF Filing System and via email.

*/s/Kristin McGrory*
KRISTIN MCGRORY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TROY EDWIN NEHLS,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 1:25-cv-2568

## <u>ORDER</u>

Upon consideration of the United States' Motion to Dismiss, the Motion to Dismiss is GRANTED, and it is ORDERED that Plaintiff's Causes of Action are DISMISSED with prejudice.

IT IS SO ORDERED.

SIGNED this the _____ of _____ 2025

_____
HON. COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE